UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **EMMANUEL SAGET,** | Civ. No. 2:13-03544 (WJM) |
| Plaintiff, | |
| v. | **AMENDED OPINION** |
| **WELLS FARGO BANK, N.A.,** | |
| Defendant. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Emmanuel Saget brings this action against Defendant Wells Fargo Bank, N.A. alleging breach of an implied employment contract and tortious interference with prospective economic advantage. This matter comes before the Court on Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**.

I.   BACKGROUND

Defendant is a national licensed banking institution with its main office in South Dakota. Plaintiff worked as a personal banker in Defendant's Hillside, New Jersey branch. On April 18, 2012, after close to two years of employment, Plaintiff was discharged. Plaintiff alleges that his discharge was "without basis in fact or law" and "in derogation of [D]efendant's polices." (Compl. ¶ 4-5.) Plaintiff further alleges that Defendant filed a report with an agency known as "EARLY WARNING" stating that Plaintiff was discharged for unfavorable employment. (Compl. ¶ 7.) Plaintiff maintains that this report has prevented him from pursuing his career in the banking and finance industry. (Compl. ¶ 11.)

On April 26, 2013, Plaintiff filed a Complaint against Defendant in the Superior Court of New Jersey, Union County. On June 7, 2013, Defendant timely removed the Complaint to this Court on the basis of diversity jurisdiction.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

## III. DISCUSSION

Plaintiff's Complaint asserts two Counts. Although neither Count specifies a legal grounds for relief, the Court construes Plaintiff's claims as follows:

(A) Count 1: Breach of an implied employment contract; and
(B) Count 2: Tortious interference with prospective economic advantage.

Defendant has moved to dismiss both Counts. The Court will address each Count in turn.

### A. Breach of an implied employment contract (Count A)

In Count A, Plaintiff asserts a claim for breach of an implied employment contract. Defendant moves to dismiss this claim, arguing that Plaintiff was an at-will employee and has not identified any contract or contractual terms supporting his claim. The Court agrees and will dismiss Count A.

In New Jersey, employment is presumptively at-will and an employer may terminate an employee "for good reason, bad reason, or no reason at all." *Witkowski v. Thomas J. Lipton, Inc.*, 643 A.2d 546, 552 (N.J. 1994) (citing *English v. Coll. of Med. & Dentistry*, 372 A.2d 295 (N.J. 1977)). A plaintiff can override the presumption of at-will employment by showing an agreement to the contrary. *Id.* That agreement can be

implied from a widely distributed employment manual that articulates terms and conditions of employment, including grounds and procedures for termination. *Id.* at 553. However, to state a claim for breach of an implied contract created by an employment manual, the plaintiff must point to some language in the manual containing "an express or implied promise concerning the terms and conditions of employment." *Id.*; *see Doll v. Port Auth. Trans–Hudson Corp.*, 92 F. Supp. 2d 416, 423 (D.N.J. 2000).

Plaintiff's bare allegations that he was terminated "without basis in fact or law" and "in derogation of [D]efendant's polices" are insufficient to survive a Rule 12(b)(6) motion to dismiss. The Complaint fails to provide any language from an employee handbook or similar document overriding the presumption of at-will employment. In fact, it doesn't even allege that any specific policy exists. Accordingly, the motion to dismiss Count A is **GRANTED**, and Count A is **DISMISSED WITHOUT PREJUDICE**.

### B. Tortious interference with prospective economic advantage (Count B)

In Count B, Plaintiff asserts a claim for tortious interference with prospective economic advantage. Defendant moves to dismiss this claim, arguing that the Complaint does not contain sufficient factual allegations showing that Plaintiff had a protectable interest or that Defendant acted with malice. The Court will also dismiss Count B.

To state a claim for tortious interference with prospective economic advantage, a plaintiff must allege that (1) she had a reasonable expectation of economic advantage, (2) the Defendant intentionally and maliciously interfered with that right, (3) the interference caused the loss of the prospective gain, and (4) but for the interference, there was a reasonable probability that she would have received the anticipated economic benefits. *Printing Mart–Morristown v. Sharp Elec. Corp.*, 563 A.2d 31, 37 (N.J. 1989). To satisfy the first element, a complaint must allege facts showing some protectable right – a prospective economic relationship. *Id.* The phrase "prospective economic relationship" includes an employee's future employment opportunities. *Grossman v. Daily Racing Form, Inc.*, No. 93-620, 1994 WL 273389, at *10 (D.N.J. June 10, 1994). However, allegations regarding some "vague, general future employment opportunity" are insufficient. *Id.* Rather, a plaintiff must allege some potential employment opportunity with which the defendant interfered. *Id.* The second element requires allegations of malice – allegations that the Defendant acted without justification or excuse. *Printing Mart–Morristown*, 563 A.2d at 37 (citing *Rainier's Dairies v. Raritan Valley Farms, Inc.*, 117 A.2d 889, 895 (1955)).

The Complaint fails to allege sufficient facts demonstrating either a prospective economic relationship or that Defendant acted with malice. First, the Complaint does not contain any facts indicating that Plaintiff applied to a job in the banking and finance industry and was rejected. There are simply no allegations of any potential employment opportunity. Second, the Complaint does not contain any factual allegations showing that

Defendant acted without justification or excuse when filing the "EARLY WARNING REPORT." In fact, the Complaint fails to provide any details whatsoever regarding the circumstances surrounding Plaintiff's dismissal. The bare allegation that comes closest, that "[Plaintiff's] discharge was without basis in fact or law," does not suffice to prevent dismissal. *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations omitted) ("[A] court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss."). Accordingly, the motion to dismiss Count B is **GRANTED**, and Count B is **DISMISSED WITHOUT PREJUDICE**.

## IV. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is **GRANTED**. Counts A and B are **DISMISSED WITHOUT PREJUDICE**. The Court shall grant Plaintiff until January 6, 2014 to file an Amended Complaint consistent with this Amended Opinion. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: December 4, 2013**