UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **EMMANUEL SAGET,** <br><br> **Plaintiff,** <br><br> v. <br><br> **WELLS FARGO BANK, N.A.,** <br><br> **Defendant.** | Civ. No. 2:13-03544 (WJM) <br><br> **OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

      Plaintiff Emmanuel Saget brings this action against Defendant Wells Fargo Bank, N.A. alleging tortious interference with prospective economic advantage. This matter comes before the Court on Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**.

## I. BACKGROUND

      Defendant is a national licensed banking institution with its main office in South Dakota. Plaintiff worked as a personal banker in Defendant's Hillside, New Jersey branch. (Am. Compl. ¶ 5, ECF No. 13.) On April 18, 2012, after almost two years of employment, Plaintiff was discharged. (Am. Compl. ¶ 8.) Defendant advised Plaintiff that he was discharged for violating the Wells Fargo Code of Ethics and Business Conduct. (Am. Compl. ¶ 9.) Plaintiff filed an internal appeal of his termination, which Defendant denied. (Am. Compl. ¶ 10.) On September 11, 2012, Defendant sent Plaintiff correspondence confirming the denial of his internal appeal. (Am. Compl. ¶ 11.) The letter further stated that the reason for his termination would not be disclosed in the event of a reference check. (Am. Compl. ¶ 11.)

      Plaintiff alleges that, prior to sending the September 11, 2012 letter to him, Defendant filed a report with Early Warning Services, LLC ("EWS") stating that Plaintiff had an "unfavorable employment record." (Am. Compl. ¶ 12.) Plaintiff alleges that EWS "is a clearing house for all persons employed in the finance industry and is used by prospective employers in determining whether or not to hire job applicants." (Am. Compl. ¶ 13.) Plaintiff maintains that this report has prevented him from obtaining

employment in the banking and finance industry. (Am. Compl. ¶ 23.) For instance, the Amended Complaint alleges that, on August 3, 2012, Bank of America advised Plaintiff that he would not be offered employment due to a report that it received from EWS. (Am. Compl. ¶ 14.)

On April 26, 2013, Plaintiff filed a Complaint against Defendant in the Superior Court of New Jersey, Union County. On June 7, 2013, Defendant timely removed the Complaint to this Court on the basis of diversity jurisdiction. Defendant then filed a motion to dismiss the Complaint, which the Court granted on April 4, 2014. Plaintiff subsequently filed an Amended Complaint. Defendant once again moves to dismiss.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

## III. DISCUSSION

Plaintiff's Amended Complaint asserts one count, which the Court construes as a claim for tortious interference with prospective economic advantage. Defendant moves to dismiss on two grounds. First, Defendant argues that the Amended Complaint does not contain sufficient factual allegations showing that Defendant acted with malice. Second, Defendant argues that the Fair Credit Reporting Act ("FRCA") preempts the Plaintiff's cause of action. The Court agrees.

employment in the banking and finance industry. (Am. Compl. ¶ 23.) For instance, the Amended Complaint alleges that, on August 3, 2012, Bank of America advised Plaintiff that he would not be offered employment due to a report that it received from EWS. (Am. Compl. ¶ 14.)

On April 26, 2013, Plaintiff filed a Complaint against Defendant in the Superior Court of New Jersey, Union County. On June 7, 2013, Defendant timely removed the Complaint to this Court on the basis of diversity jurisdiction. Defendant then filed a motion to dismiss the Complaint, which the Court granted on April 4, 2014. Plaintiff subsequently filed an Amended Complaint. Defendant once again moves to dismiss.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

## III.   DISCUSSION

Plaintiff's Amended Complaint asserts one count, which the Court construes as a claim for tortious interference with prospective economic advantage. Defendant moves to dismiss on two grounds. First, Defendant argues that the Amended Complaint does not contain sufficient factual allegations showing that Defendant acted with malice. Second, Defendant argues that the Fair Credit Reporting Act ("FRCA") preempts the Plaintiff's cause of action. The Court agrees.

To state a claim for tortious interference with prospective economic advantage, a plaintiff must allege that (1) she had a reasonable expectation of economic advantage, (2) the Defendant intentionally and maliciously interfered with that right, (3) the interference caused the loss of the prospective gain, and (4) but for the interference, there was a reasonable probability that she would have received the anticipated economic benefits. *Printing Mart-Morristown v. Sharp Elec. Corp.*, 563 A.2d 31, 37 (N.J. 1989). The second element requires allegations of malice – allegations showing that the Defendant acted without justification or excuse. *Id.* (citing *Rainier's Dairies v. Raritan Valley Farms, Inc.*, 117 A.2d 889, 895 (1955)).

The Amended Complaint does not contain any factual allegations showing that Defendant acted without justification or excuse when it filed the report with EWS. In fact, the Complaint fails to provide any details whatsoever regarding the circumstances surrounding Plaintiff's dismissal. A negative report regarding an employee's performance alone simply is not enough to satisfy the malice element of a tortious interference with prospective economic advantage claim. *See Shuali v. Dunkel*, No. A-1134-05T3, 2007 WL 188012, at *5 (N.J. Super. Ct. App. Div. Jan. 26, 2007) ("Where . . . a prospective employer asks a former employer about a past employee's performance with that former employer, even if the response is negative, that response would not constitute the element of malice . . . ."). Accordingly, the Court will grant Defendant's motion to dismiss.

Moreover, even assuming that Plaintiff had alleged facts showing malice, the FCRA controls and preempts Plaintiff's state law claim. Section 1681t(b)(1)(F) of the FCRA bars all state law causes of action against "persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F) ("No requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under Section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ."); *see also Burrell v. DFS Services, LLC*, 753 F. Supp. 2d 438, 451 (D.N.J. 2010). The FCRA defines a consumer reporting agency as any person that assembles credit and other information regarding consumers for the purposes of furnishing consumer reports to third parties. 15 U.S.C. § 1681a(f). And the term consumer report includes any communication bearing on a person's general reputation that is used as a factor in establishing the consumer's eligibility for employment. 15 U.S.C. § 1681a(d), (h). Courts have construed Section 1681t(b)(1)(F) broadly, finding that it "leaves no room for state law claims against furnishers of information . . . regardless of whether those claims are couched in terms of common law or state statutory obligations." *See, e.g., Burrell*, 753 F. Supp. 2d at 451.

Here, EWS is a consumer reporting agency that assembles consumer credit information for persons employed in the finance industry and furnishes those reports to third parties (e.g. prospective employers). (Am. Compl. ¶ 13.) And Plaintiff's claim for tortious interference is based on information Defendant sent to EWS regarding Plaintiff's

unfavorable employment record.  The FCRA thus preempts Plaintiff's state law claim against Defendant, and the Court will dismiss the Amended Complaint with prejudice.

## IV.   CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is **GRANTED**.  The Amended Complaint is **DISMISSED WITH PREJUDICE**.  An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date:  September 10, 2014**